# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                No. 03-4124

MAJDI KUKASH,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-02-202)

Submitted: August 26, 2003

Decided: September 12, 2003

Before WILKINSON and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Gary R. Hershner, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Gregg R. Nivala, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Majdi Kukash appeals from his convictions for health care fraud, in violation of 18 U.S.C. § 1347 (2000), and making false statements involving federal health care, in violation of 42 U.S.C. § 1320a-7b(b) (2000). Finding no reversible error, we affirm.

On appeal, Kukash contends the district court improperly admitted irrelevant testimony from prosecution witness Sandra McCoy. We review for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). Because we find the testimony was relevant under Fed. R. Evid. 402, we find no abuse of discretion.

Kukash also contends the district court improperly excluded exhibits regarding the behavioral problems of one of his clients. We find the district court did not abuse its discretion in refusing these exhibits, as Kukash failed to lay a proper foundation for them.

Kukash next contends the trial court abused its discretion by limiting the testimony of defense witness Berkeley Alexander. We find the district court did not err in sustaining the Government's objection to the proposed testimony, as its probative value, if any, was outweighed by its tendency to create confusion and to mislead the jury. *See* Fed. R. Evid. 403.

Kukash next contends the district court erred by allowing the Government to introduce evidence of his past crimes and to question him regarding that evidence. Although Kukash properly objected to the line of questioning, he failed to object to the introduction of the evidence itself. Thus, review of the district court's decision to admit those records as evidence is for plain error. *See* Fed. R. Evid. 103(a). We find no error, plain or otherwise, in the district court's admission of the records or its decision to allow the questioning. *See* Fed. R. Evid. 609, 403.

Finally, Kukash contends the court erred by giving the jury a confusing instruction on the elements of 42 U.S.C. § 1320a-7b(b) and by

refusing to give his own proposed instructions. In general, the decision to give a jury instruction and the content of that instruction are reviewed for an abuse of discretion. *United States v. Burgos*, 55 F.3d 933, 935 (4th Cir. 1995). Because we find the district court's instruction properly stated the law, while Kukash's did not, we find the district court did not abuse its discretion.

Accordingly, we affirm Kukash's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*